876 F.2d 104
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John B. LINDSAY, Plaintiff-Appellant,
v.
VETERANS ADMINISTRATION; Max Cleland, Adm.--VA; George
Parsons, Dir. Brooklyn VA; Baldassare Fuca,
Chief, Pers. Div. VA, Defendants-Appellees.
 No. 88-4007.
 United States Court of Appeals, Sixth Circuit.
 June 8, 1989.
 
 1
 Before RALPH B. GUY and RYAN, Circuit Judges, and DAVID D. DOWD, Jr., District Judge.*
 
 ORDER
 
 2
 John Lindsay, a pro se Ohio resident, appeals the district court's dismissal, following a bench trial, of his employment discrimination suit filed pursuant to the Administrative Procedure Act, 5 U.S.C. Sec. 702. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1978, Lindsay originally filed this action in the Middle District of Georgia against the Veteran's Administration (VA) and two of its employees seeking judicial review of the VA's decision not to promote him to a GS 7, 9, or 11 position as a Personnel Classification Specialist at the Brooklyn, New York VA hospital. Lindsay sought monetary and injunctive relief. The case was ultimately transferred, by the consent of the parties, to the Southern District of Ohio where the district court dismissed the complaint for Lindsay's failure to file a final joint pre-trial statement. This court (Case No. 85-3277) reversed the dismissal and remanded the case to the district court for trial. Pursuant to 28 U.S.C. Sec. 636(c), the parties consented to a bench trial before a magistrate who made findings of fact and conclusions of law in accordance with Fed.R.Civ.P. 52(a). The court entered judgment for the defendants having found that Lindsay was not entitled to any further relief for the VA's error.
 
 
 4
 Upon review, we affirm. The district court found that Lindsay had applied for an opening for Position Classification Specialist at the GS 7, 9 or 11 level at the Brooklyn, New York VA hospital. The VA declined to hire Lindsay stating that he lacked the necessary two years specialized experience required by the U.S. Civil Service Handbook. The job was later given to a Mr. Pittman at a GS 9 level. Plaintiff conceded that he did not have the necessary classification experience. He did argue however that his scores on the Civil Service PACE examination placing him at a GS 7 level could substitute for the specialized experience. The VA disagreed initially but later changed its position when informed by the New York Civil Service Commission that PACE scores were acceptable evidence of qualifications. The VA notified Lindsay of the mistake and informed him that his VA records were being amended to reflect his eligibility for a classification position at the GS 7 level. The VA also stated that its corrective action did not affect the propriety of hiring Mr. Pittman as it decided to fill the vacancy at a GS 9 level.
 
 
 5
 The district court's factual findings are not clearly erroneous. See Anderson v. City of Bessemer, 470 U.S. 564, 573-74 (1985); Daniels v. Board of Educ. of Ravenna City School Dist., 805 F.2d 203, 209 (6th Cir.1986). On appeal, Lindsay challenges the district court's factual findings and argues that the court's decision is against the weight of the evidence. A review of the record indicates that the district court's interpretation of the evidence is plausible. Basically, the court was confronted with the issue of whether the VA deliberately by-passed Lindsay in its selection process, or whether the VA made an honest mistake when it stated that PACE scores could not be used as a substitute for specialized experience. The magistrate chose to believe the VA had made an honest mistake, and when informed of such, took corrective action to rectify its error. This finding can not be disturbed as where there are two permissible views of the evidence, the factfinders choice between them can not be clearly erroneous. See Anderson, 470 U.S. at 574.
 
 
 6
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David D. Dowd, Jr., U.S. District Judge for the Northern District of Ohio, sitting by designation